**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL A. GARIBAY, | No. 08-56275 |
| Plaintiff - Appellant, | D.C. No. 08-CV-03376-JFW |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

California prisoner Raul A. Garibay appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition challenging his transfer

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to an out-of-state prison facility. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Garibay contends that transfer from a prison within California to a prison in another state violates his due process rights. However, the Supreme Court has held that "an interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983). Further, because confinement in another state is "within the normal limits or range of custody which the conviction has authorized the State to impose," *id*. at 247, California law authorizing interstate transfer of inmates to alleviate overcrowding does not create an "atypical and significant hardship" implicating an inmate's liberty interest under the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Accordingly, the California Supreme Court's decision rejecting this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d).

To the extent Garibay contends that his transfer is in violation of Federal Rule of Appellate Procedure 23(a), this claim fails because Garibay's transfer to an out-of-state facility does not involve a transfer of custody. *See* Fed. R. App. P. 23(a) (providing that "the person having custody of the prisoner must not transfer

custody to another" unless in accordance with the Rule); *see also* Cal. Code Regs. tit. 15, § 3379(a)(9)(I) (2009) (providing that an inmate transferred to an out-of-state facility remains under the legal custody of the California Department of Corrections and Rehabilitation).

**AFFIRMED.**